# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODNEY KING, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-22-906-G |
| | ) |
| CARRIE BRIDGES, Warden, | ) |
| | ) |
|     Respondent. | ) |

## ORDER

Now before the Court is Petitioner Rodney King's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1). In this action, Petitioner challenges a 2005 state-court criminal conviction. *See id.*; *State v. King*, No. CF-2004-185 (Lincoln Cnty. Dist. Ct.).

Petitioner previously filed a 28 U.S.C. § 2254 habeas petition related to this conviction, however, which this Court denied on its merits. *See King v. Miller*, No. CIV-08-475-C, 2009 WL 425928 (W.D. Okla. Feb. 19, 2009). Pursuant to 28 U.S.C. § 2244(b)(2), the presentation of new challenges through "[t]he filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir. 2013). "Before a court can consider a second claim, an applicant must first 'move in the appropriate court of appeals for an order authorizing the district court to consider the application.'" *Id.* (quoting 28 U.S.C. § 2244(b)(3)(A)).

Petitioner did not allege that he has obtained authorization to file a second or successive habeas petition, and there is no suggestion in the record that the Tenth Circuit

has issued the required authorization. Because the claims raised by Petitioner "challeng[e] the same conviction" as did Petitioner's previous habeas petition, it appears that this Court lacks jurisdiction to consider those claims. *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011); *see also In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Accordingly, on February 23, 2024, the Court ordered Petitioner to show cause in writing, no later than March 15, 2024, why the Petition should not be dismissed or transferred as second or successive. *See* Order to Show Cause (Doc. No. 13); R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts. As of this date, Petitioner has not submitted a response to the Order to Show Cause or requested additional time to do so.

Pursuant to governing authority, the Court may transfer this action to the Tenth Circuit Court of Appeals for authorization if it is in the interest of justice to do so. *See* 28 U.S.C. § 1631. Alternatively, the Court may dismiss the action for lack of jurisdiction. *See In re Cline*, 531 F.3d at 1252. Even liberally construed, the Petition presents no allegations that reasonably could satisfy the requirements for allowing new claims to be heard in a second or successive petition, and therefore the action should be dismissed. *See* 28 U.S.C. § 2244(b)(2)(A), (B); *see also In re Cline*, 531 F.3d at 1251-52.

## CONCLUSION

Accordingly, the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED for lack of jurisdiction. A separate judgment shall be entered.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[W]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Upon review, the Court concludes that the requisite standard is not met in this case. Thus, a certificate of appealability is DENIED.

IT IS SO ORDERED this 19th day of March, 2024.

_____
CHARLES B. GOODWIN
United States District Judge